# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

YOLANDA FREDERICK,

       Plaintiff,        :        Case No. 3:11-cv-288

                                        District Judge Thomas M. Rose
   -vs-                              Magistrate Judge Michael R. Merz

                                :

WAL-MART, INC, et al.,

       Defendants.

## DECISION AND ORDER DENYING MOTION TO SUBSTITUTE PARTY

This case is before the Court on Plaintiff's Motion to Substitute the name of Anne Thomas for that of Jane Doe as a Defendant in this case (Doc. No. 31).  Defendant opposes the Motion (Response, Doc. No. 32), and Plaintiff has filed a Reply in support (Doc. No. 34).

Although the general reference of this case to the Magistrate Judge for all pre-trial proceedings expired on the discovery cut-off date (Preliminary Pretrial Conference Order, Doc. No. 5, PageID 31), Judge Rose has referred the Motion separately (Doc. No. 33).  The parties should understand, however, that the Magistrate Judge has no further authority with respect to this case beyond deciding the instant Motion.

Plaintiff asserts that Jane Doe was served with process on August 12, 2011, but not identified by Defendant Wal-Mart until April 22, 2013 (Doc. No. 31, PageID 119).  There is no proof of service of process on anyone in this case.  The named Defendants, Wal-Mart and Matthew Halloran, answered by counsel on September 19, 2011, but no one purported to answer

1

on behalf of Jane Doe (Doc. No. 3).

Defendants assumed that Plaintiff was asserting that Anne Thomas was a previously unidentified witness and adequately refuted that supposed argument (Memo in Opp., Doc. No. 32, PageID 126-128). But Defendants admit that it was only in their supplemental answers to interrogatories of April 22, 2013, that they identified Ms. Thomas as the sole person who made the decision not to reinstate Ms. Frederick. *Id.* at PageID 128. However, the record establishes that Plaintiff knew long before that date that Ms. Thomas was at least one of the people who participated in the decision to deny reinstatement. Indeed, Plaintiff testified at her deposition and obviously knew at the time that it happened that Ms. Thomas was part of the decisionmaking group – she told Ms. Frederick that "we" have decided not to reinstate you.

Plaintiff says her sole purpose with the Motion is "to put a name to her claim in her complaint at Paragraph 38." (Reply, Doc. No. 34, PageID 159). Assuming without deciding that Plaintiff's Fourth Claim for Relief, which includes paragraph 38, states a claim for relief at all, it must be a claim under Ohio law, since federal law does not recognize a cause of action against supervisors under Title VII. *Wathen v. General Electric Co.,* 115 F.3d 400, 406, (6th Cir. 1997). Whether or not Defendants Wal-mart and Halloran knew about Ms. Thomas' role in Ms. Frederick's termination, Ms. Thomas did not know until the Motion to Substitute[1] that Ms. Frederick was attempting to hold her personally liable for the refusal to consider for re-hiring. It is unfair to Ms. Thomas to bring her into the case as an individual Defendant after the close of discovery.

Plaintiff may respond that any prejudice to Ms. Thomas can be cured by vacating the discovery cut-off, the dispositive motion deadline, and the trial date and allowing her to defend fully. But that response would ignore the strictures of Fed. R. Civ. P. 16(b)(4). Plaintiff has

---

[1] Assuming counsel for Wal-mart has told her about the Motion.

2

known since the day she was refused rehiring that Ms. Thomas participated in that decision and could have named her as a defendant at the time the case was filed, but failed to do so. The fact that Plaintiff did not learn until later that Ms. Thomas was the **sole** decisionmaker as to reinstatement does not excuse failure to timely name her as one of the defendant decisionmakers.

The Motion to Substitute is DENIED.

May 6, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge